### WEST v. BROADNAX.    (No. 9351.)

(Court of Civil Appeals of Texas. Dallas. April 11, 1925. Rehearing Denied May 9, 1925.)

1. **Frauds, statute of** ⬅️45(1)—**Oral contract of employment held performable within one year and not within statute.**

Where plaintiff and defendant agreed on employment for one year, and plaintiff stated he could not commence work until the next day, to which defendant agreed, *held*, that contract was one to begin in præsenti, and dating from time of conversation, and hence was not within the statute of frauds, Rev. St. art. 3965.

2. **Frauds, statute of** ⬅️158(4)—**Finding warranted that contract for one year was made the day the employment commenced.**

Where plaintiff and defendant agreed on employment of former for one year, to com-

mence next day, but on following morning defendant informed him that he could not give plaintiff position contemplated, but that plaintiff could do other specified work, which plaintiff accepted, *held*, that finding was authorized that contract attacked as within statute of frauds was made on such following morning.

Error from Dallas County Court; Wiley A. Bell, Judge.

Action by W. P. West against W. H. Broadnax. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. F. Robertson and Claud C. Westerfeld, both of Dallas, for plaintiff in error.

Carden, Starling, Carden & Hemphill and Wallace & Taylor, all of Dallas, for defendant in error.

JONES, C. J. Plaintiff in error, W. P. West, filed suit in the county court at law No. 2, Dallas county, Tex., against defendant in error, W. H. Broadnax, for the sum of $988.82. The petition discloses the following as grounds for such recovery: That on or about the 20th day of September, 1921, the parties mutually entered into a contract by which defendant in error agreed to employ plaintiff in error as bookkeeper and manager of the former's general store located in the city of Dallas, for a period of one year from September 21, 1921, to September 21, 1922, at a wage of $25 per week until the 1st of January, 1922, and then at a reasonable increase, which is alleged to be $5 additional per week, for the remainder of the time; that plaintiff in error performed all the services under said contract required of him by defendant in error until the 3d day of December, 1921, when defendant in error wrongfully discharged him; that plaintiff in error remained substantially without employment, though he diligently sought work, and did secure occasional employment from which he received a remuneration of $238.08. The sum sought to be recovered represents the weekly wages, with the increase as above stated, from the 3d day of December, 1921, until the 21st day of September, 1922, less the amount of $238.08, the amount earned by plaintiff in error.

This contract of employment was oral, though the petition does not disclose its character in this respect. When plaintiff in error was testifying as a witness in his own behalf, and he was asked in reference to this contract of employment, objection was made to such testimony because it was in contravention of the statute of frauds, in that it comprehended an oral contract that was not performable within the space of one year from the time it was entered into. This objection was at first overruled, and the witness permitted to testify fully to the contract he claimed was entered into between himself

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and defendant in error, as well as to its breach by defendant in error and the consequent damages; but, at the conclusion of the testimony, the objection was renewed and a motion was made to strike out all of said testimony, and this motion was sustained. Upon this evidence being thus stricken out, plaintiff in error stated to the court that he could not proceed further, and did not introduce any further testimony; whereupon, the court instructed the jury to return a verdict for defendant in error. This verdict was returned and judgment entered accordingly. The case is brought here on bill of exception to the ruling of the court in striking out all of plaintiff in error's testimony in reference to his alleged contract. This bill of exception contains all the testimony offered by appellant and is the only statement of facts before this court. All of the necessary steps were taken by plaintiff in error to present the question on the ruling of the court in reference to plaintiff in error's said testimony.

Article 3965, Revised Statutes 1911, reads:

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. * * * (5) Upon any agreement which is not to be performed within the space of one year from the making thereof."

Is plaintiff in error denied a recovery in this suit by force of said statute? This, of course, depends upon whether he is seeking to recover on an oral contract of employment which was not performable within the space of one year from the making thereof. As to the contract entered into, plaintiff in error testified as follows:

"Mr. Broadnax, your proposition don't suit me, but I will make you a proposition. I am willing to take hold of your business at $25 a week from now to the 1st of January with a reasonable raise, say $30 a week to the end of the year, the following September. He just remarked, 'You have the job and you can go to work.' I said, 'It will be to-morrow before I can go to work, as Mr. Lewis knows nothing about this, and I have a half time job there and I would not quit him cold like that, but I can be here the next morning and go to work.' He said, 'All right.'"

The work contemplated to be performed by plaintiff in error was that of general manager and bookkeeper; he was to take the place of another employee who was not satisfactory to defendant in error. When plaintiff in error presented himself on the following morning, the 21st of September, 1921, he was informed by defendant in error that the other employee would not resign and he could not give him the position contemplated by the employment, but that he could go to work and do other work, which was specified, until the other employee's year ended, which was on the 1st of February, 1922, when he would have the place of bookkeeper and general manager.

[1] We are of the opinion that this contract is not within the provisions of the statute above quoted. As we construe this language, it is a contract of hiring for one year, to begin in præsenti and to date from the time of the conversation between the parties, though plaintiff in error was excused from actually beginning the work until the following day. Plaintiff in error's employment began at the time this agreement was reached and did not begin on the following day. McAleer v. Corning, 50 N. Y. Super. Ct. 63; 5 Ann. Cas. pp. 330, 331.

[2] Aside, however, from the agreement entered into between the parties on the morning of the 20th of September, 1921, there was such a mutual modification of the terms of the contract on the following morning, when plaintiff in error presented himself for work, as would authorize a finding that the contract under which plaintiff in error's employment began was made on the 21st day of September. Under either view of this case, it follows that the court was in error in granting the motion to strike out all of plaintiff in error's evidence.

We are therefore of the opinion that the court erred in striking out this testimony, and that the case should be reversed and remanded.

Reversed and remanded.